Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:                          Opinion No. O-1578-A
                                   Re: Fees of office - constables -
                                        Article 1055, V. A. C. C. P.

        Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

        "Referring to your opinion O-1578, which
        was approved December 1st 1939, addressed to
        Honorable Stanley Timmins, County Attorney,
        Harrison County, I would be pleased if you would
        furnish me the following information:

        "Where a Constable is compensated on a
        fee basis and places a party in jail to serve
        fine and costs, and within a day or so, is re-
        leased by order of County Health Officer and
        County Judge, or either, account illness, and
        who does not pay any part of the fine and costs,
        would the Constable be entitled to the one-
        half costs as provided in Article 1055 of the
        Code of Criminal Procedure of Texas, 1925, as
        amended, effective May 16, 1939?"

        Opinion No. O-1578 of this department holds that
a constable operating on the fee system is entitled under
Article 1055, V. A. C. C. P., to half costs from the county
on that part of the time a defendant remains in jail or
works for the county when he so discharges part of his fine
and costs and pays off the balance of his fine and costs.
We enclose herewith a copy of said opinion.

It is our opinion that under the facts stated the constable is entitled to half costs from the county for that portion of time the defendant actually served in jail. For example, if the defendant's fine and costs amounted to $30.00 and he served two days and the constable's fees amounted to $5.00, the constable would be entitled to receive from the county the sum of 50 cents as his half costs under Article 1035, V. A. C. C. P.

It is elementary law that neither the county judge nor the county health officer has the pardoning power. Their release of the prisoner from jail (whether lawful or unlawful - a question which we are not given sufficient facts to pass on in this opinion) would not release him from the payment of the balance of his fine and costs.

APPROVED SEP 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

ENCLOSURE

